UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

  v.                                            Case No. 14-C-0978

**JEAN P GILES,**
    **Defendant.**
_____

## DECISION AND ORDER

Plaintiff, the United States, seeks to recover funds from defendant, Jean P Giles, allegedly owed as the result of a loan. Defendant contends that her debt was discharged in bankruptcy. She asserts counterclaims alleging that, in attempting to collect the debt, plaintiff (1) violated her rights under the Fair Debt Collection Practices Act ("FDCPA"), (2) converted her tax refunds, and (3) committed a contempt of court by violating her bankruptcy discharge. Before me now are plaintiff's motion to dismiss defendant's counterclaims and defendant's motion to refer this matter to a bankruptcy judge.

The material facts appear to be uncontested. Defendant took out student loans to finance her education. In 1995, she filed a chapter 7 petition in the bankruptcy court in this district and received a discharge of her debts, including her student loans. Soon after, she took out a loan consolidating her student loans, even though they had already been discharged in her bankruptcy case, and defaulted on it. Plaintiff, as the reinsurer of the loan, acquired it by reimbursing the original insurer, which had done the same with the original lender. Plaintiff brings this action to collect on the loan. Defendant does not oppose dismissal of her first two counterclaims, so I turn to the remaining counterclaim.

1

**I. Defendant's Counterclaim for Contempt**

Plaintiff argues that defendant's counterclaim for contempt should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. With respect to plaintiff's Rule 12(b)(1) motion, I conclude that I have subject-matter jurisdiction to adjudicate defendant's claim for contempt. Federal courts have authority to remedy contempt of their orders, *see, e.g.*, 18 U.S.C. § 401, and bankruptcy courts are "units" of their district courts, 28 U.S.C. § 151. Thus, a district court can adjudicate a claim of contempt of a bankruptcy court order from its own bankruptcy court. This district's bankruptcy court granted defendant's discharge, so I may adjudicate defendant's claim for contempt of the discharge order. Further, 11 U.S.C. § 524(b) functions as an injunction against attempts to collect on discharged debts, and "the district court, the court with primary jurisdiction in bankruptcy . . . , can hold a party in . . . contempt for violating a statutory injunction." *Cox v. Zale Del., Inc.*, 239 F.3d 910, 917 (7th Cir. 2001) (citing *United States v. Guariglia*, 962 F.2d 160, 162–63 (2d Cir. 1992)).

I turn next to plaintiff's motion to dismiss under Rule 12(b)(6). To survive plaintiff's motion, defendant need not provide "detailed factual allegations" but must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Defendant's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Under this standard, defendant's counterclaim does not survive. The entirety of the counterclaim states as follows:

> Plaintiff has committed a contempt of court by attempting to and collecting upon the debt underlying its claims which the bankruptcy court discharged, in violation of 11 U.S.C. § 524.

Def.'s Am. Answer, Affirmative Defenses and Countercls., ECF No. 22, at 4. The counterclaim is deficient on its face because it is no more than a legal conclusion and fails to provide sufficient facts to state a plausible claim. It also does not adequately allege contempt. A party can be in contempt of a bankruptcy discharge only if the violation is "willful." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) (discussing 11 U.S.C. §§ 362, 524(a)(2)). "Willfulness entails actual knowledge that a bankruptcy is under way or has ended in a discharge." *Id.* Defendant does not allege this element or provide sufficient facts to support a plausible inference of it.

## II. Referral to a Bankruptcy Judge

Turning to defendant's motion to refer the matter to the bankruptcy court, original jurisdiction of bankruptcy matters is vested in the district courts, 28 U.S.C. § 1334(a)–(b). However, "[e]ach district court may provide that any or all cases under title 11[, the Bankruptcy Code,] and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). This district has exercised such authority by providing in a standing order that "all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges of this District." The standing order does not require me to refer the present case to the bankruptcy court. The present case does not arise under title 11 and is only minimally related to title 11. The case involves an attempt to collect a debt on a

3

defaulted loan. While it may touch on bankruptcy issues on the margin, it is not within the category of cases described in the standing order.

Even if it were, I would not be required to refer the case to the bankruptcy court. A district court may withdraw "any case or proceeding referred" to a bankruptcy judge under § 157 "on its own motion or on timely motion of any party, for cause shown." § 157(d). The minimal role of title 11 in this case would be cause enough to justify withdrawal, had it been referred. Inasmuch as I would be authorized to withdraw the matter from the bankruptcy court, I surely am authorized to refrain from referring it there in the first place.

I need not discuss in any detail whether the present case or any part thereof is of a type that I could in my discretion refer to the bankruptcy court. As stated, the case is primarily a debt collection case, and I believe it is appropriately heard in the district court.

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion to dismiss the defendant's counterclaims (ECF No. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant's motion to refer this action to a bankruptcy judge in this district (ECF No. 26) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of August, 2016.

                                        s/ Lynn Adelman
                                        _____
                                        LYNN ADELMAN
                                        District Judge